UNITED STATES of America,
Plaintiff-Appellee

v.

Jack ZIMMERMAN, Defendant-
Appellant

No. 15-10564

United States Court of Appeals,
Fifth Circuit.

Filed June 5, 2017

Jack Zimmerman, Pro Se

Before DAVIS, JONES, and
CLEMENT, Circuit Judges.

PER CURIAM: *

Jack Zimmerman, federal prisoner
#39657-177, pleaded guilty in 2010 to en-
ticement of a minor and production of child
pornography. He was sentenced to 360
months of imprisonment and lifetime su-
pervised release. Zimmerman appealed;
this court dismissed the appeal and grant-
ed counsel's motion to withdraw pursuant
to *Anders v. California*, 386 U.S. 738, 87
S.Ct. 1396, 18 L.Ed.2d 493 (1967). *See
United States v. Zimmerman*, 461 Fed.
Appx. 383, 383–84 (5th Cir. 2012).

Zimmerman next moved for relief in the
district court under 28 U.S.C. § 2255, rais-
ing several claims of ineffective assistance
of counsel. The district court denied the
motion. Zimmerman filed a timely notice of
appeal from the denial.

While his appeal from the district court's
denial of his § 2255 motion was pending,

Zimmerman moved for reconsideration of
his § 2255 motion under Fed. R. Civ. Pro.
60(b). The district court denied Zimmer-
man's Rule 60(b) motion. This court also
denied Zimmerman's petition for a Certifi-
cate of Appealability ("COA") to appeal the
district court's denial of his § 2255 motion.

Zimmerman next filed a second Rule
60(b) motion in the district court. The
magistrate judge found that this second
motion effectively reiterated Zimmerman's
ineffective assistance of counsel claims,
and so recommended construing the mo-
tion as an unauthorized successive § 2255
motion and transferring it to this court.
Zimmerman objected, arguing that the
second motion did not duplicate the first.
The district court overruled Zimmerman's
objections, adopted the magistrate judge's
findings and conclusions, construed the
motion as a successive § 2255 motion,
transferred Zimmerman's motion to this
court, and denied him a COA. Zimmerman
filed a mandamus application with this
court. We denied mandamus relief, but
construed the application as a timely no-
tice of appeal of the transfer order. That
appeal is at issue here.

In the meantime, however, after the dis-
trict court transferred Zimmerman's sec-
ond Rule 60(b) motion to this court as an
unauthorized successive § 2255 motion,
Zimmerman filed a timely Rule 59(e) mo-
tion in the district court to alter or amend
the transfer order. The district court de-
nied the motion. Zimmerman appealed the
denial of his Rule 59(e) motion. In consid-
ering that appeal, this court expressly ob-
served that Zimmerman's appeal of the
denial of his Rule 59(e) motion put before
this court the issue of "the propriety of the
underlying judgment, the transfer order."
*United States v. Zimmerman*, No. 15-

---

* Pursuant to 5TH CIR. R. 47.5, the court has
determined that this opinion should not be
published and is not precedent except under

the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

11042, 674 Fed.Appx. 420, 421, 2017 WL 383374, at *1 (5th Cir. Jan. 26, 2017). Zimmerman's only arguments on appeal, however, pertained exclusively to "claims of ineffective assistance of counsel that he raised in his original § 2255 motion and to the lack of an evidentiary hearing in those proceedings." *Id.* This court concluded that Zimmerman had abandoned his challenge to the transfer order, and affirmed the district court's transfer order.

Thus, Zimmerman has already appealed the transfer order. The instant appeal is duplicative and is DISMISSED as frivolous on that basis.[1] *See Patterson v. Dretke*, 95 Fed.Appx. 705, 706 (5th Cir. 2004); *Jackson v. Ward*, 116 F.3d 477, 477 (5th Cir. 1997) (per curiam); 5th Cir. R. 42.2.

---

1. Zimmerman moved in this court for relief under the inherent powers doctrine on the basis that the Government did not file an opposition brief. That motion is DENIED. *See Naranjo v. Thompson*, 809 F.3d 793, 802 (5th Cir. 2015) (quoting *ITT Cmty. Dev. Corp. v. Barton*, 569 F.2d 1351, 1362 n.20 (5th Cir. 1978)) ("Action taken by a federal court in reliance on its inherent powers must some-how be indispensable to reaching a disposition of the case.").